IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DERICK SHELTON                                                                                        PLAINTIFF
ADC #98156

V.                                    NO.  5:07cv00183 SWW-JWC

DR. ALEXANDER, et al                                                                              DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A-149
> Little Rock, AR 72201-3325

## II. Recommended Disposition

On December 15, 2007, Defendant Scroggins filed a motion to dismiss and brief in support (docket entries #23, #24) seeking to dismiss Plaintiff's complaint on the grounds that he has failed to exhaust his administrative remedies and has failed to state a claim upon which relief can be granted. By order entered December 19, 2007 (docket entry #27), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendant's motion. In addition, Plaintiff was advised that since Defendant had attached evidence to her brief, the Court may construe the motion as one for summary judgment. Plaintiff was therefore advised that his response to Defendant's motion could include opposing or counteraffidavits, executed by him or other persons, which had either been sworn to under oath, i.e., notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746. Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was also advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial. Plaintiff has never responded to the order. In fact, Plaintiff has had

no contact with this Court since December 5, 2007, when he filed a notice of change of address (see docket entry #21).

According to Plaintiff's amended complaint (docket entry #7), he suffered severe injuries from an accident that occurred in October 2004. To date he still has multiple plates, rods, and screws in his lower body. When he arrived at the Jefferson County Regional Jail, he was taking medication for "a developing arthritic nature" and muscle relaxers for pain and inflamation. During the month of June 2007, he placed four sick calls and a grievance before he was seen on June 12, 2007, by Defendant Alexander. Plaintiff claims he explained his medical condition to Defendant Alexander and signed a medical release; however, he failed to receive treatment or medication. Plaintiff further alleges that both Defendants Alexander and Scroggins failed to furnish him the necessary orders for treatment. Plaintiff submitted additional sick call requests on July 2, 3, and 8, 2007, that he claims went unanswered, as well as additional grievances that were not responded to.

### III. Standard

Summary judgment[1] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317,

---

[1] The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer is due. However, if a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment. Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment. Id. Because Defendant attached evidence to her brief in support of her motion which the Court relies upon, and since Plaintiff has been given the opportunity to respond to Defendant's motion thus negating any potential claim of unfair surprise, Defendant's motion will be construed as one for summary judgment. Id. 56.

322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993). A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994). Moreover, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### IV. Analysis

Defendant Scroggins first contends that Plaintiff failed to complete the administrative exhaustion process;[2] therefore, his claims against her must be dismissed.[3] An inmate must

---

[2] Specifically, Defendant claims that Plaintiff never appealed any of his grievances to the Deputy Director.

[3] The Court notes that service was returned unexecuted on Defendant Alexander (see docket entry #20). By order entered December 19, 2007 (docket entry #29), Plaintiff was instructed that he should attempt to determine the whereabouts of Defendant Alexander through the use of discovery. Plaintiff was advised that he may file a motion pursuant to Fed. R. Civ. P. 34(c) and 45(d)(1) requesting the Clerk of the Court to issue a subpoena duces tecum to be served on Correctional Medical Services, Inc. with service by the United States Marshal, asking for production of any record reflecting the requested information (i.e., a last known or forwarding address). Plaintiff was further advised that if he failed to provide the Court with a current, and good, address

exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability). Exhaustion of remedies requires the inmate to first attempt informal resolution and then to timely file and appeal a particular grievance through several administrative levels. Plaintiff was required to appeal his grievance(s) to the highest administrative level, the Deputy/Assistant Director of the Arkansas Department of Correction ("ADC"). See ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

An inmate's failure to identify by name during the grievance process each individual defendant he later sues in federal court no longer mandates dismissal pursuant to § 1997e(a). The United States Supreme Court's decision in Jones v. Bock, 127 S. Ct. 910 (2007) held that such an omission was not fatal to a plaintiff's entire case. The plaintiff in Jones challenged the rule requiring that every defendant to be named in a subsequent lawsuit must also be named during the grievance process as well as the "total exhaustion"

---

for service on Defendant Alexander on or before April 18, 2008, it would be recommended that this Defendant be dismissed pursuant to Fed. R. Civ. P. 4(m). Plaintiff has taken no known action.

rule. The Jones court concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." Jones held that the PLRA itself does not impose such a requirement; instead, the parties must look to what the prison grievance process itself requires. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. at 923. Jones additionally rejected the "total exhaustion" rule requiring dismissal of the complaint as a whole, concluding instead that courts should proceed with the exhausted claims in instances where the plaintiff has failed to exhaust some, but not all, of the claims asserted. Id. at 924-26.

Attached to Plaintiff's original complaint (docket entry #2) are several grievances. Only one shows a response by the Warden/Assistant Warden.[4] In a separate grievance dated June 25, 2007, Plaintiff states that Defendant Alexander examined him, stated that he had a very serious condition, and prescribed him medicine that an unnamed nurse has failed to provide to him. There is no other mention of either Defendant Alexander or Scroggins in any of the materials provided by Plaintiff. Not only does Plaintiff fail to name the two Defendants in terms of wrongdoing, there is no evidence that any of these grievances have ever been fully exhausted. In addition, attached to Defendant's brief (docket entry #24) is the declaration of Wendy Kelley, a Deputy Director for Health and Correctional programs for the ADC. Ms. Kelley avers that she has reviewed Plaintiff's medical grievance appeal file from June 4, 2007, to the present, searching for issues

---

[4] Due to its medical nature, Grievance No. JCJ-07-086 was forwarded to the Director of Nursing for response.

relating to Plaintiff's pain medication and general medical treatment. She received no grievance appeal that originated from the Jefferson County Jail. Given the evidence before the Court, and in light of Plaintiff's failure to respond to Defendant's motion, dismissal on administrative exhaustion grounds is recommended.

## V.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Scroggins' motion to dismiss (docket entry #23) should be GRANTED and Plaintiff's case should be DISMISSED WITHOUT PREJUDICE in its entirety.

2. The Court should additionally certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

DATED this 14th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE